**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3676-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DONALD HIGGS, a/k/a
KYLE BEACHUM,
DEVOAN EDWARDS,
LEE HAROLD, DEVIN
HIGGS, DEVON HIGGS,
HAROLD LEE, AHMIR
PIERCE, and FRBIN
HIGGINS,

    Defendant-Appellant.

_____

Submitted February 27, 2024 – Decided May 2, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-09-2362.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Donald Higgs appeals from the June 14, 2022, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in an Essex County indictment with first-degree carjacking, N.J.S.A. 2C:15-2(a)(1) (count one); first-degree armed robbery, N.J.S.A. 2C:15-1 (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). The charges stemmed from allegations that defendant stole a Cadillac from a church parking lot while armed with a gun. Following a 2016 jury trial, defendant was convicted of carjacking as charged in the indictment and second-degree robbery, a lesser included offense of count two. He was acquitted of the remaining counts. After merger, defendant was sentenced on the carjacking charge to fifteen years' imprisonment, subject to the eighty-five percent parole ineligibility provisions of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

2

In an unpublished opinion, we affirmed defendant's conviction and sentence. State v. Higgs, No. A-0660-16 (App. Div. Feb. 7, 2018). In our opinion, we pointed out that "Faya Fontilus—the only eyewitness to the carjacking—couldn't make an in-court identification and instead testified juror number nine 'kind of look[ed] like' the culprit." Id. at 2 (alteration in original). We recounted that during his testimony,

> Fontilus described for the jury that he and his two brothers were working at a church in Irvington on the evening of May 11, 2014. At some point he went to the church parking lot to charge a phone in his brother's Cadillac, which was parked near the church's back door. While the phone was charging, Fontilus saw a man jump over a fence and enter his other brother's Honda, which was twenty-seven feet from the Cadillac. Fontilus rolled down the Cadillac window and said, "what are you doing, do you want me to shoot you[?]" After additional words were exchanged, the man got out of the Honda and approached the Cadillac; according to Fontilus, the man drew a gun, which he kept at his side. Fontilus exited the Cadillac and entered the church to find his brothers; when they returned to the parking lot, they saw the Cadillac drive off. The brothers followed in the Honda and called police, who instructed them to return to the church and speak with a police officer there. They complied.
>
> Police used OnStar to locate the Cadillac, which was found parked in front of a bar on North Fifth Street in Newark.
>
> [Id. at 2-3 (alteration in original) (footnote omitted).]

3                                                                    A-3676-21

We explained that despite Fontilus's inability to make an in-court identification of defendant at trial, when he was brought by police to the bar

> to identify the stolen vehicle[,] . . . . [w]hile seated in a police vehicle, Fontilus watched as three or four individuals exited the bar. He identified defendant—one of the departing bar patrons—as "the guy," emphasizing he was "positive, that's the guy that carjacked me." Defendant was immediately detained and arrested.
>
> [Id. at 3-4.]

The State also presented evidence that a "fingerprint lifted from the stolen Cadillac's console matched defendant's fingerprints." Id. at 5.

Defendant filed a timely pro se PCR petition, which was later supplemented by assigned counsel. In his petition, among other claims, defendant asserted his trial attorney was ineffective by failing to: (1) "consult," "communicate," and "review discovery" with defendant; (2) investigate and call an alibi witness at trial; (3) "file a motion to dismiss count [two] of the indictment" charging first-degree robbery; and (4) "file a motion for a new trial" after the return of the verdict.

In support, defendant asserted his trial counsel "met with him three times outside of court during the course of the representation" and "each meeting . . . lasted for approximately thirty minutes." As to the alibi witness, defendant

4

asserted that Alfonso Wilson, a security guard at the bar on the date of the incident, would have "stated that [defendant] did not commit the offenses" because defendant "was outside" of the bar with Wilson "when another unidentified individual drove up to the bar in the [Cadillac] . . . . seeking to sell a speaker that was inside of the vehicle." However, defendant submitted no supporting affidavit or certification from Wilson.

As to the motion to dismiss the indictment, defendant asserted he was "improperly charged" with "[two] distinct offenses based on the same conduct," and "the State failed to put any evidence before the Grand Jury that . . . [d]efendant intended to take anything other than a motor vehicle," which "conduct was addressed in the . . . carjacking charge." Defendant's claim regarding the motion for a new trial was based on the victim's failure "to identify [defendant] as the guilty party during the victim's trial testimony."

Following oral argument, the PCR judge issued an order and oral opinion on June 14, 2022, denying defendant's petition. In his decision, the judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel (IAC). The judge also

5

determined defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant makes the following arguments:

> DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF [IAC]. DEFENDANT'S CLAIM IS SUPPORTED BY MATERIAL ISSUES OF DISPUTED FACTS LYING OUTSIDE THE RECORD. THE RESOLUTION OF THE DISPUTED FACTS NECESSITATED AN EVIDENTIARY HEARING. THE PCR COURT ERRED IN FAILING TO CONDUCT SUCH A HEARING. U.S. CONST. AMENDS. VI, XIV; N. J. CONST. ART. 1, PAR. 10; R. 3:22-10B.
>
> > A. Trial Counsel Failed to Properly Investigate the Matter and to Produce a Relevant Alibi Witness for Trial.
> >
> > B. Trial Counsel Lacked Diligence and Failed to Zealously Represent Defendant.
> >
> > C. As a Direct Result of Trial Counsel's Failure to Move to Dismiss the Charge of Robbery Contained in the Indictment (Count Two), Defendant was the Recipient of [IAC].
> >
> > D. Trial Counsel was Ineffective in Failing to Make a Motion for a new Trial Following the Jury['s] Verdict.
> >
> > E. Cumulative Errors denied Defendant His Right to a Fair Trial.

A-3676-21

We begin by setting out some guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo." State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010). "[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's

allegations are too vague, conclusory or speculative"). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

To establish a prima facie IAC claim, a defendant must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that his or her attorney's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance . . . ." Id. at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the prejudice prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697). Applying these principles, we reject defendant's contentions reprised on appeal based solely on defendant's inability to establish the prejudice prong, and dismiss the claims "without

9

determining whether counsel's performance was constitutionally deficient" in any respect. Ibid.

First, as to trial counsel's failure to file certain motions, "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion," State v. O'Neal, 190 N.J. 601, 619 (2007), and we agree with the PCR judge that neither motion would have been successful. Regarding the motion to dismiss count two of the indictment, after reviewing the grand jury transcript, the PCR judge noted that surveillance footage showed defendant attempting to sell items from inside the Cadillac after he arrived at the bar. Thus, contrary to defendant's arguments, the judge properly concluded "there was sufficient evidence before the grand jury to return a count for robbery apart from a carjacking" based on evidence that items from inside the Cadillac "that was taken by way of force were being sold."

As to the motion for a new trial based on the victim's in-court identification testimony, the judge determined "there was no factual basis . . . to support a motion for a new trial" because "there was sufficient evidence to support the identification" of defendant as the carjacker. The judge explained that "there was trial testimony . . . of the victim's identification of [defendant as the perpetrator] at the scene . . . closer to the time of the actual incident."

10

Moreover, according to the judge, defendant mischaracterized the victim's in-court identification testimony, a mischaracterization that defendant reiterates on appeal. As the judge pointed out, the victim did not identify "another party" at trial as the perpetrator but instead testified that "juror number nine[] look[ed] like or resemble[d] the carjacker."

Turning to the failure to investigate and call Wilson as an alibi witness, "when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Without such evidence, defendant's claim amounts to a "bald assertion[]," which "is insufficient to support a prima facie case of ineffectiveness." Id. at 170-71. Here, we agree with the judge that without an affidavit or certification from Wilson to support defendant's alibi, defendant's "bald assertion that . . . [Wilson] exists and would so testify is insufficient to support an evidentiary hearing or [a] prima facie case under Cummings."

For the same reason, defendant's claim that trial counsel failed to adequately consult and communicate with him about the case fails. Defendant never suggested how more frequent consultation or communication would have

11

changed the defense or the outcome at trial. "[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Id. at 170. Finally, because we conclude defendant was not prejudiced by any of his attorney's purported deficiencies, his cumulative error argument also fails.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3676-21